IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CRIMINAL NO. 05-CR-30029-MJR |
| | ) |
| VAN T. PERRY, | ) |
| | ) |
|     Defendant. | ) |

## ORDER

**PROUD, Magistrate Judge:**

This matter is now before the Court on the Government's Motion to Revoke Bond. **(Doc. 15).**

On March 8, 2005, defendant Van T. Perry was released on bond pending trial. **(Docs. 8 and 9)**. The government alleges that he has violated the conditions of his release in several respects. An evidentiary hearing was held on May 25, 2005.

18 U.S.C. § 3148 mandates that an order of revocation and detention be entered if the Court:

> (1) finds that there is–
>     (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release;  or
>     (B) clear and convincing evidence that the person has violated any other condition of release;  and
> (2) finds that–
>     (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community;  or
>     (B) the person is unlikely to abide by any condition or combination of conditions of release.
> If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not

pose a danger to the safety of any other person or the community. If the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly.

**18 U.S.C. § 3148(b).**

The Government presented clear and convincing evidence of the following:

1. Defendant tested positive for cocaine on March 8, April 1, and April 12, 2005.

2. Defendant was directed to attend outpatient substance abuse treatment. He was to report to the Gateway Foundation on April 25, 2005, but he failed to appear.

3. Defendant failed to appear for an office appointment with his supervising officer on May 3, 2005. Attempts to contact him by telephone were unsuccessful.

The Court finds, based on the factors set forth in 18 U.S.C. §3142(g), that no condition or combination of conditions will assure that Van T. Perry will not pose a danger to the safety of any other person or the community. This Court finds that it is unlikely that Perry would abide by any condition or combination of conditions of release which the Court could devise.

**IT IS THEREFORE ORDERED** that the Government's motion to revoke Perry's bond **(Doc. 15)** is **GRANTED**.

**IT IS FURTHER ORDERED** that the defendant, Van T. Perry be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and that the defendant be afforded reasonable opportunity for private consultation with her counsel; and that, on order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection

with court proceedings.

**IT IS SO ORDERED.**

**DATED: May 25, 2005.**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**
